# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**JACOB JULICK**                                                          **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:23-CV-P51-JHM**

**SCOTT JORDAN** *et al.*                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the superseding amended complaint (DN 22) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

## I.

Plaintiff Jacob Julick is incarcerated at Kentucky State Penitentiary (KSP). He brings this action against KSP Warden Scott Jordan and five KSP officers in both their official and individual capacities – Jason Denny, Lauren Massey, Dylan Bond, Delvin Nielsen, and Sasha Primozich.

Plaintiff first alleges that he was placed in the "hole" on December 25, 2022, and made to wear paper boxes and walk barefoot on wet and cold concrete. He alleges that he told Defendant Denny that he was having suicidal thoughts and that Defendant Denny laughed and "told me to kill myself and do them the favor." Plaintiff next alleges that on December 26, 2022, he was taken to a strip cage where he was handcuffed and shackled and told to kneel down and face the wall. Plaintiff states that Defendant Nielsen opened the door to the yard and asking Plaintiff if he wanted fresh air even though the temperature outside was in the "negatives." Plaintiff states that Defendant Bond then came up to him and sprayed him with OC spray twice even though he was kneeling, handcuffed, and shackled inside a locked strip cage. Plaintiff states that he was then

"decontaminated" by a nurse who poured water over him and gave him a towel. Plaintiff alleges that he was then taken back to the strip cage, still wet, and that Defendant Nielsen again opened the outside door asking if Plaintiff wanted fresh air even though Plaintiff was so cold he was shivering. Plaintiff states that after this incident Defendant Bond filed a false disciplinary report on Plaintiff.

Plaintiff next makes allegations regarding his conditions of confinement from December 25, 2022, to January 4, 2022, when he was housed in the Restricted Housing Unit (RHU) at KSP. Plaintiff states that Defendant Denny searched his cell every morning and made Plaintiff "lay face down on [his] stomach in paper boxes, barefoot, freezing, and shivering." Plaintiff also alleges that he had no clothes, blankets, sheets, or shoes and was denied a shower and the ability to brush his teeth for the 10 days he was in the RHU. He also alleges that his cell had feces on the floor (which he was forced to walk barefoot on) and that he was denied cleaning supplies to remove the feces. Plaintiff states that Defendants Denney, Massey, and Primozich were responsible for these conditions of confinement. Plaintiff also states that officers told him he was "being treated like this under the Warden Scott Jordan's Firm orders."

Plaintiff also alleges that he filed multiple grievances regarding these incidents but that some were not answered for months and some were falsified "on the date received" by Defendant Massey. Plaintiff states that the grievance process at KSP is "corrupt and not professional." Plaintiff states that he wrote Defendant Warden Jordan, and other officials, about the problems with KSP's grievance process.

As relief, Plaintiff seeks damages and transfer to another facility.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claims

Plaintiff's official-capacity claims against Defendants are subject to dismissal. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

**1. Eighth Amendment**

    **a. Excessive Force**

Upon consideration, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Bond based on Plaintiff's allegation that he twice sprayed Plaintiff with OC spray while Plaintiff was handcuffed, shackled, and kneeling</u>.

    **b. Conditions of Confinement**

To state a claim that prison conditions violate the Eighth Amendment, a prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the "minimal civilized measure of life's necessities" and that prison officials acted wantonly, with deliberate indifference to his serious needs. *Richmond v. Settles*, 450 F. App'x 448, 454-55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The prisoner must allege "extreme deprivations" to state an Eighth Amendment conditions-of-confinement claim. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Allegations of temporary inconveniences are insufficient to state a claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Upon consideration, <u>the Court will also allow Eighth Amendment conditions-of-confinement claims to proceed against Defendants Jordan, Denny, Massey, and Primozich</u>.

The Court, however, will dismiss Plaintiff's claim against Defendant Nielson for opening the outside door when it was below freezing outside and Plaintiff was only in his boxers because the occasions were ostensibly brief and temporary.

5

### c. Verbal Abuse

The Court next turns to Plaintiff's allegation that Defendant Denny told Plaintiff to "kill [him]self and do them a favor" after Plaintiff told him that he was having suicidal thoughts. The Sixth Circuit has "long held that verbal abuse, idle threats, and nonphysical harassment of prisoners, standing alone, 'do not constitute the type of infliction of pain that the Eighth Amendment prohibits.'" *Spearman v. Williams*, No. 22-1309, 2023 U.S. App. LEXIS 18152, at *11 (6th Cir. July 17, 2023) (quoting *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)); *see also See Rohr v. Osborne*, 4:08CV-P37-M, 2008 U.S. Dist. LEXIS 92547, at *2-3 (W.D. Ky. Nov. 13, 2008) (dismissing verbal abuse claim under *Ivey* where the plaintiff alleged that various jail officials laughed at him when he told them he was having suicidal thoughts). Therefore, Plaintiff's claim based on verbal abuse will be dismissed for failure to state a claim upon which relief may be granted.

### 2. False Charges

The Court next turns to Plaintiff's allegation that Defendant Bond filed a false disciplinary report against him after the alleged excessive-force incident. "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 U.S. App. LEXIS 32665, at *3 (6th Cir. Dec. 23, 1998); *Mujihad v. Harrison*, No. 97-6366, 1998 U.S. App. LEXIS 32666, at *4 (6th Cir. Dec. 23, 1998). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Grievance Procedure

Plaintiff also makes allegations regarding the grievance procedure at KSP. This claim must also be dismissed because there is no constitutional right to an effective grievance procedure.

6

*See Farmer v. Phillips*, No. 20-5730, 2021 U.S. App. LEXIS 31448, at *5 (6th Cir. Oct. 19, 2021) (citing cases).

## IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's official-capacity claims are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief**.

**IT IS FURTHER ORDERED that Plaintiff's individual-capacity claim against Defendant Nielson, his claim of verbal abuse, his claim based on the filing of a false disciplinary report, and his claim regarding the grievance procedure at KSP are DISMISSED pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

Because no claims remain against him, **the Clerk of Court is DIRECTED to terminate Delvin Nielson as a party to this action.**

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

Date: February 7, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Bond, Denny, Jordan, Massey, and Primozich
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011